# ORIGINAL

CYNTHIA WOOLLEY, ISB # 6018
cynthia@ketchumidaholaw.com
KIRSTIN K. DUTCHER, ISB # 6762
kirstin@ketchumidaholaw.com
LAW OFFICES OF CYNTHIA J. WOOLLEY, PLLC
Attorneys at Law
180 First Street West, Suite 107
PO Box 6999
Ketchum, ID 83340
(208) 725-5356
Fax: (208) 725-5569

PATRICK J. PEROTTI, ESQ. (OHIO #0005481)
pperotti@dworkenlaw.com
DWORKEN & BERNSTEIN CO., LPA
55 Public Square, Suite 950
Cleveland, Ohio 44114
60 South Park Place
Painesville, Ohio 44077
(440) 946-7656
Fax: (440) 352-3469
(*Pro Hac Vice pending*)
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RYAN CANNELL, Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHOPKO STORES INC.,<br>dba Shopko Stores and Pamida Stores<br><br>Defendant. | Case No.: **CIV 05-496-S-BLW**<br><br>Judge:<br><br>**COMPLAINT** |

COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION - 1

12/1/2005 4:44 PM FROM: Law Of Woolley, PLLC Woolley _Pogue, PLLC TO: 1-262-786-7415 PAGE: 003 OF 012

Plaintiffs Ryan Cannell, individually and as a putative representative for a collective action under Section 16 of the Fair Labor Standards Act, 29 U.S.C. § 216 (collectively "plaintiffs") allege and complain against the above-named Defendant as follows:

## INTRODUCTION

1. This is an action brought by Ryan Cannell, individually and as a putative representative for a collective action, against his employer Defendant Shopko Stores Inc., for unpaid wages and overtime pursuant to the Fair Labor Standards Act, 29 U.S.C.§ 201, *et seq*. Plaintiffs also seek a declaration that Shopko Stores Inc.'s practices violate the above-named statute and an injunction: (a) enjoining Defendant from destroying, altering or discarding evidence related to the Plaintiffs' claims herein or to the Defendants' defenses thereto; and (b) enjoining defendant from continuing to misclassify persons in assistant manager positions as exempt from the wage and overtime requirements of the FLSA.

## JURISDICTION

Jurisdiction in this case is based on 28 U.S.C. §§ 1331, 1332 and/or 1337. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

## PARTIES

1. Ryan Cannell (hereafter "Cannell") is an adult individual. At all times material herein, Cannell was employed by Defendant Shopko Stores, Inc. in the position of an assistant manager.

2. Cannell brings this action collectively for all persons who, from three years prior to the filing of this complaint, were employed by Defendant Shopko Stores, Inc. in the position of an assistant manager at any Shopko or Pamida Stores.

COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION - 2

12/1/2005 4:44 PM FROM: Law CJ Woolley, PLLC Woolley _Fogue, PLLC TO: 1-262-786-7415 PAGE: 004 OF 012

3.  Defendant Shopko Stores, Inc. (hereafter referred to as "Shopko") is a Wisconsin corporation doing business in Twin Falls County, Idaho and whose agent for service of process in Idaho is CT Corporation System 300 N 6th St. Boise, ID 83701.

## FACTS COMMON TO ALL CLAIMS

4.  Plaintiffs repeat the allegations set forth above in paragraphs 1 through 3, and incorporate them herein by reference.

5.  From October 1997 through July 2005 Plaintiff Cannell was a dedicated employee of Defendant Shopko. Cannell was promoted to the position of an assistant manger in December, 2002. Cannell worked over 40 hours per week for Defendant in the position of an assistant manager. Shopko paid Cannell a salary and did not pay him for his hours over forty per week, nor for any of his overtime work. Almost all of Cannell's time working for Shopko was spent performing manual work, including but not limited to unloading trucks, stocking shelves, performing customer services, cashiering, collecting carts from the parking lot and cleaning bathrooms.

6.  During the time period from at least three years prior to the filing of this suit, other persons, numbering over 500, were employed by defendant in the position of an assistant manager. Those persons were often required to work, and often did work, over 40 hours per week for Defendant without being paid for those hours, and/or without being paid overtime for them. The job duties of those persons were virtually the same as Plaintiff Cannell's job duties.

7.  Neither Plaintiff Cannell or those other persons holding the position of an assistant manager was in a *bona-fide* executive, administrative or professional capacity, as those terms are defined under the FLSA.

COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION - 3

8. In an average week the named plaintiff and others at the assistant manager level were scheduled approximately forty five (45) hours per week.

9. During the Christmas season, Plaintiffs were scheduled on an average over fifty (50) hours per week.

10. Plaintiffs are not allowed to decide what merchandise is to be purchased for sale at the stores.

11. Plaintiffs are not allowed to decide the type of equipment (computers and related items) to use at the store.

12. Plaintiffs are not allowed to decide how many hours, total they will give to employees in the store.

13. Plaintiffs are not permitted to come and go as they please — they are given a schedule of specific hours from the defendant.

14. Plaintiffs are not allowed to determine the total amount of payroll to be used at a store. Extra payroll must be approved by their manager.

15. Plaintiffs are not allowed to fire employees without authorization from their management.

16. Plaintiffs are not allowed to suspend an employee without concurrence of their management.

17. Plaintiffs are not authorized to promote employees without the approval of their management.

18. Plaintiffs are not allowed to issue performance reviews or evaluations without the concurrence and approval of their management.

COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION - 4

19. The general office of Shopko, not an assistant manager, decides the authorization of additional payroll hours.

20. Plaintiffs do not have the power to grant raises or impose a lowering of an employee's pay.

21. Plaintiffs do not have the power to withdraw monies from the company's account.

22. Plaintiffs do not have the power to pay bills or invoices of the store.

23. Plaintiffs are not permitted to leave work at the end of the day until the store, or their area, is "completely recovered" and ready for business, which can include things such as unloading trucks, stocking shelves, cashiering, re-hanging clothes, rounding up shopping carts, cleaning floors, emptying trash, re-tagging merchandise and cleaning bathrooms, which they are required to do themselves if other employees are not available to complete those tasks.

24. Plaintiffs perform those tasks in the preceding paragraph on a very frequent basis.

25. Plaintiffs are paid on a salary rate regardless of the number of hours which they worked during a week.

26. Plaintiffs are not paid any amount in addition to that salary in weeks when they worked more than forty (40) hours.

27. Plaintiffs are not ever paid overtime (i.e. time and a half pay rate).

28. Plaintiffs are responsible for scheduling employees within the payroll constraints Shopko's General Office (GO) establishes. If Plaintiffs do not have enough payroll to hire sufficient employees to complete the hourly tasks, they must perform the tasks.

29. Plaintiffs are subject to supervision by defendant regarding their jobs.

30. Their ability to exercise discretionary power is subject, in many significant areas (hiring, firing, transfer of location, pay rate, total available payroll hours, performance

COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION - 5

evaluations, discipline and sanctions, store layout, types of merchandise allowed or required to be sold, total hours available for scheduling, paying bills, making purchases, setting or adjusting rates of pay, imposing discipline, determining the types of materials, supplies or product to be used or merchandise to be bought, stocked and sold), to the oversight or approval of defendant, including its General Office and including its store managers or higher positions.

31. All persons holding a position at the assistant manager level with Shopko are classified by Shopko as salary exempt.

32. Defendant has written job descriptions for all positions at the assistant manager level.

33. Defendant's job descriptions for these positions do not vary from region to region for the same position.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs repeat the allegations set forth above in paragraphs 1 through 36, and incorporate them herein by reference.

35. Plaintiff brings this action not only for himself but as representative for a collective action on behalf of all persons employed in the position of an assistant manager at any Shopko or Pamida Stores at any time during the period from December 1, 2002 and thereafter who worked more than forty hours for defendant in any week but were classified as exempt and not paid for those hours and/or not paid overtime at time and a half for them.

36. Plaintiff is similarly situated to those persons and will prosecute this action vigorously on their behalf.

37. Plaintiff, through counsel, will further file with this suit a request under 29 U.S.C. Section 216 for this court to notify all of those person to allow them to opt-in to this proceeding

COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION - 6

to be subject to this court's decision, or that of the fact finder, on the right to the wages and overtime described above.

## FIRST CLAIM FOR RELIEF

### Violation of Fair Labor Standards Act ("FLSA")

38. Plaintiffs repeat the allegations set forth above in paragraphs 1 through 40, and incorporate them herein by reference.

39. Defendant Shopko is an employer covered by the overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

40. As employees for Defendant Shopko, Plaintiff Cannell and other assistant managers work or worked in excess of the maximum weekly hours permitted under the FLSA but are not paid for those excess hours because they are erroneously classified as exempt employees.

41. Plaintiffs' job duties do not qualify them for any exemption from the wage and overtime obligations imposed by the FLSA.

42. Throughout Plaintiffs' employment, Defendant Shopko has known that despite the job category of assistant manager, the actual duties and responsibilities performed by Plaintiffs are primarily the type of duties performed by non-exempt employees. Defendant Shopko has also known that it is required to pay hourly wages to Plaintiffs for hours worked over forty. Shopko has also known that it is required to pay overtime at the rate of time and a half to Plaintiffs for hours worked in any week. In spite of such knowledge, Shopko has willfully withheld and failed to pay the wages and overtime compensation to which Plaintiffs are entitled.

43. Pursuant to the FLSA, Plaintiffs are entitled to compensation for the unpaid overtime at a rate of 1½ times their hourly wage. Because the Defendant's failure to pay

COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION - 7

12/1/2005 4:44 PM FROM: Law CJ Woolley, PLLC Woolley _Pogue, PLLC TO: 1-262-796-7415 PAGE: 009 OF 012

overtime was willful pursuant to 28 U.S.C. § 255(a), Plaintiffs are entitled to unpaid overtime dating back three years.

44. The exact amount of overtime compensation Shopko has failed to pay the Plaintiffs is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Shopko. Similarly, the identity of the other assistant managers is unknown at this time, but is know to Shopko, and is set forth in Shopko's records.

45. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiffs are entitled to review their records of hours worked to determine the exact amount of overtime owed by Defendant Shopko, and to immediately identify the other assistant managers who have a right to join this collective action.

46. Defendant Shopko's failure to pay Plaintiffs at the lawful overtime rate is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of the FLSA. Therefore, pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

47. Plaintiffs have been required to file this action as the result of Defendant Shopko's actions in failing to pay them proper compensation. As such, Plaintiffs are entitled to attorney fees and costs incurred pursuant to 28 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

### Injunction

48. Plaintiffs repeat the allegations set forth above in paragraphs 1 through 50, and incorporate them herein by reference.

COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION - 8

12/1/2005 4:44 PM FROM: Law CJ Woolley, PLLC Woolley _Pogue, PLLC TO: 1-262-786-7415    PAGE: 010 OF 012

49.   Defendant Shopko has files and records relevant to the claims made herein by Plaintiffs, including, but not limited to, personnel records and files, time cards, payroll records and Shopko security videotapes dating back three years from the date of filing this Complaint. Unless Shopko is restrained from destroying, altering, or discarding such evidence and records, Plaintiffs will suffer irreparable harm in the form of loss of evidence and documents concerning this action.

50.   For the reasons stated herein an injunction should issue restraining and prohibiting Defendant Shopko from destroying, altering or discarding evidence and records relevant to the compensation paid to Plaintiffs and the days and hours worked by Plaintiffs, including but not limited to, the Plaintiff's personnel records and files, time cards, payroll records and Shopko security video tapes and any other evidence that may be relevant to any of the claims or defenses raised in this action.

51.   Further, unless restrained and enjoined, defendant Shopko will continue to misclassify its employees in the positions of assistant manager as exempt from the wage and overtime requirements of the FLSA.

52.   Pursuant to 29 U.S.C. § 217, Plaintiffs are entitled to an injunction against defendant to cease and desist said misclassification, and to classify and pay said persons wages, including overtime, as non-exempt employees.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request that the trial in this matter be heard by a jury of the minimum number of persons allowed by law.

WHEREFORE, Plaintiffs request judgment against Defendant as follows:

COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION - 9

12/1/2005 4:44 PM FROM: Law CJ Woolley, PLLC Woolley_Fogue, PLLC TO: 1-262-786-7415 PAGE: 011 OF 012

1. Awarding Plaintiffs their unpaid wages including overtime wages as to be determined at trial together with any liquidated damages allowed by law;

2. Granting a preliminary and thereafter permanent injunction as set forth in paragraphs 19 through 22 herein;

3. Awarding Plaintiffs their reasonable costs and attorney fees necessarily incurred herein; and

4. Awarding Plaintiffs such other and further relief as the Court deems just and proper in the premises.

DATED this ___ day of December, 2005.

LAW OFFICES OF CYNTHIA J. WOOLLEY, PLLC
DWORKEN & BERNSTEIN CO., LPA

_____
CYNTHIA WOOLLEY
One of the Attorneys for Plaintiffs

COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION - 10

12/1/2005 4:44 PM FROM: Law CJ Woolley, PLLC Woolley _Pogue, PLLC TO: 1-262-786-7415 PAGE: 012 OF 012

## VERIFICATION

STATE OF WISCONSIN )
                                ) ss.
County of Milwaukee )

       Ryan Cannell being first duly sworn on oath, depose and state: I am one of the Plaintiffs in the above-entitled action; I have read the foregoing Complaint, know the contents thereof, and believe the same to be true to the best of my knowledge and belief.

*[signature]*
RYAN CANNELL

SUBSCRIBED AND SWORN to before me this ___2___ day of December, 2005.

*[signature]*
NOTARY PUBLIC in and for the State of Wisconsin
Residing at: 650 W. Plankinton Ave
My Commission Expires: Dec 24th, 2006

COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION - 11