IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RYAN CANNELL, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHOPKO STORES, INC.,<br><br>Defendant. | Civ. No. 05-0496-S-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it four motions: (1) Plaintiffs' motion for expedited discovery; (2) ShopKo's motion to take the deposition of Ryan Cannell; (3) ShopKo's motion for extension of time; and (4) ShopKo's motion for an extension of page limits. For the reasons expressed below, the Court will grant all four motions.

## ANALYSIS

**1.     Plaintiffs' Motion for Expedited Discovery**

Plaintiffs seek the names and addresses of any current or former employees

**Memorandum Decision & Order – page 1**

of defendant who, within the preceding 3 years, worked in a ShopKo or Pamida store in an assistant manager level position and who worked more than 40 hours in any week and were not paid time and half for those hours.  Plaintiffs have requested this discovery in Interrogatories, and seek an order that defendant ShopKo provide a response within 20 days.  With this information, plaintiffs will be able to mail their notices quickly if the Court grants a conditional certification of a collective action.

ShopKo argues that it should not be put to this effort until the Court grants a conditional certification.  This argument would be persuasive in a class action under Rule 23.  However, this is a prospective collective action under the FLSA where there is a special need for prompt resolution of threshold issues because the limitations period is barring claims every day.  Both sides agree that the limitations period is not tolled until a party files either (1) his own lawsuit or (2) a consent to opt-in to a certified collective action.

ShopKo argues that this does not create any exigency because workers could stop the limitations clock by filing their own lawsuit.  While that is true, many workers do not realize their FLSA rights.  The first notice of these rights, for many, is the notice they get of a collective action.  Thus, a prompt resolution of whether the action should be conditionally certified is necessary.  Early discovery, of the

**Memorandum Decision & Order – page 2**

type sought by plaintiffs, will achieve this goal.

ShopKo also argues that the term "Assistant Manager" is vague and not used by ShopKo. However, in the trial conducted today before this Court in *Depew v. ShopKo*, CV-03-539-S-BLW, a former ShopKo employee testified at length about the "Assistant Manager" position in the Twin Falls ShopKo store. This testimony provides some indication that the discovery request is not too vague.

For all these reasons, the Court will grant this motion.

**2.      ShopKo's Motion to Take Deposition of Cannell**

ShopKo seeks to take a limited deposition of Ryan Cannell addressing only issues related to the conditional certification. ShopKo represents that this deposition will only take "several hours" and can be done very soon.

Because the deposition could be completed so quickly, the Court will grant the motion. The Court refuses at this time, however, to rule on ShopKo's claim that plaintiffs' allegations are insufficient for conditional certification. Resolution of that issue will await argument on conditional certification.

The Court would expect counsel to work together to set a mutually agreeable time for the Cannell deposition. The Court would suggest the week of January 16, 2005, if schedules allow.

**3.      Motions for Extension of Time & Page Limits**

**Memorandum Decision & Order – page 3**

Having allowed the Cannell deposition, the Court will grant ShopKo's motion to extend the time for filing its response brief to the motion to certify to fourteen days after the Cannell deposition. In addition, the Court will extend the page limit for that brief to thirty pages, instead of the forty requested. Plaintiffs will be allowed to file a twenty page reply brief.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for expedited discovery (docket no. 4) is GRANTED.

IT IS FURTHER ORDERED, that the motion to take deposition of Cannell (docket no. 12) is GRANTED.

IT IS FURTHER ORDERED, that the motion for extension of time (docket no. 17) is GRANTED and ShopKo shall file its response brief to the motion for conditional certification of collective action within fourteen (14) days of the Cannell deposition.

IT IS FURTHER ORDERED, that the motion for page limitations (docket no. 21) is GRANTED and ShopKo shall be allowed thirty (30) pages in its response brief and plaintiffs shall be allowed twenty (20) pages in their reply brief.

**Memorandum Decision & Order – page 4**

DATED: **January 9, 2006**

_____
B. LYNN WINMILL
Chief Judge
United States District Court